UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ———————————————— x | | |
| | : | CLASS ACTION |
| JOY MCLEOD, on behalf of herself and all | : | |
| others similarly situated, | : | JURY TRIAL DEMANDED |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO.:_____ |
| | : | |
| BEARAK REPORTS, INC., a Massachusetts | : | |
| Corporation, d/b/a IdentityForce, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| ———————————————— x | | |

## CLASS ACTION COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Joy McLeod ("Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant Bearak Reports, Inc., a Massachusetts Corporation, d/b/a IdentityForce ("Defendant" or the "Company").   The allegations herein are based upon Plaintiff's personal knowledge and documentary evidence as to her own actions and conduct, and upon information and belief as to all other matters set forth herein.

## NATURE OF ACTION

1.      This is a class action brought pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq*., the Electronic Communications and Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq*., and common law.

1

## PARTIES

2.     Plaintiff is a natural person who at all relevant times resided in the State of New York, County of Westchester.  As a natural person, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6).

3.     Defendant is a Massachusetts corporation with principal offices located at 40 Speen Street, Suite 403, Framingham, MA 01701.  Defendant can be served through its registered agent, Steven D. Bearak, 1257 Worcester Road, Suite 308, Framingham, MA 01701.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction under 15 U.S.C. § 1693m, 18 U.S.C. § 2520 and 28 U.S.C. §1331.

5.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where Defendant resides in this State and this District.

## FACTUAL ALLEGATIONS

6.     On or about June 22, 2013, Plaintiff visited the website www.spokeo.com for the purpose of searching for information about a friend.  Spokeo is a search engine that organizes people-related information from phone books, social networks, marketing lists, business sites, and other public sources.

7.     Upon arriving at the www.spokeo.com homepage, Plaintiff entered a phone number she had for the friend in the search box in the middle of the screen and then selected "Search."

8.     Thereafter, a new webpage appeared, still on the www.spokeo.com domain, offering Plaintiff instant access to information on the inputted phone number.

9.      Upon reaching this page, Plaintiff selected "Get Full Results," and was then taken to another page, still on the www.spokeo.com domain, that offered her the opportunity to obtain either a Single Phone Report, or a Professional Phone Search.

10.     The Single Phone Report search provided Plaintiff the option of making a regular purchase, or obtaining a special offer price of $0.95 to purchase the Single Phone Report by signing up for a Spokeo trial membership.

11.     Plaintiff selected the Single Phone Report with Spokeo trial membership, and was then taken to another page, still on the www.spokeo.com domain, that advised Plaintiff of the benefits of a Spokeo trial membership.  The page also advised Plaintiff that she was signing up for a 7-day free trial with Spoeko, and that after the trial ended, her credit/debit card would be charged $19.95 per month for a monthly membership.  The page advised Plaintiff that she could cancel at any time.

12.     Plaintiff selected "Continue," and was taken to another page, still on the www.spokeo.com domain, where she was to enter her e-mail address, and credit or debit card information in order to purchase the Single Phone Report and sign up for the Spokeo trial membership.

13.     Plaintiff inputted her e-mail address and debit card information for her checking account, and then selected "Purchase and See Results," at which point she was provided with the Single Phone Report.

14.     Plaintiff's checking account was established primarily for personal, family, or household purposes, and thus, is an "account" as defined by 15 U.S.C. 1693a(2).

15.     None of the aforementioned webpages made any reference to Defendant or to "IdentityForce."

3

16.     Subsequently, Plaintiff received two emails from "Spokeo, Inc." referencing her monthly trial membership for Spokeo.  These emails informed Plaintiff that she would be charged $19.95 per month, and again advised Plaintiff that she could cancel at any time.

17.     On June 27, 2013, Plaintiff contacted Spokeo, Inc., and canceled her membership. Later that day, Plaintiff received an e-mail from Spokeo, Inc. confirming that her membership had been canceled and that she would not be billed again.

18.     Thereafter, no further charges from Spokeo, Inc. appeared on Plaintiff's bank statements.

19.     However, on July 22, 2013, a debit charge was electronically transferred from Plaintiff's bank account and appeared on Plaintiff's bank statement as follows:

| 07/22/2013 | Debit Card W/D: Debit Card PRIVPR 18005114336 800-511-4336 US Date 07/21/13 320325104000 8899 | ($14.95) |
|---|---|---|

20.     The debit charge was for $14.95, from a company going by the name "PRIVPR."

21.     Plaintiff first noticed the $14.95 charge shortly after the electronic fund transfer from "PRIVPR" was made from her bank account.

22.     Upon noticing the $14.95 charge, Plaintiff called the phone number for the company listed on her checking account statement as "PRIVPR."  The individual who answered the phone stated that Plaintiff had reached the "identity protection billing department."

23.     Based on the conversation with the "PRIVPR" representative, Plaintiff learned that the $14.95 charge was to recur every month indefinitely, and that it was allegedly related to her visit to the www.spokeo.com domain.

24.     During that call, Plaintiff demanded a refund for the fund transfer from her bank account, and informed "PRIVPR" that she had never signed up for any services with it, was not at all familiar with the Company, and that it should not be making transfers from her account.

4

25.     "PRIVPR" ultimately refunded Plaintiff's money—without interest—and ceased its regularly recurring electronic fund transfers from Plaintiff's bank account.   Had Plaintiff not demanded that Defendant cease making charges using her debit card, the charges would have continued to recur on a monthly basis in the amount of $14.95.

26.     Thereafter, Plaintiff searched "PRIVPR" on the internet and found numerous other similar complaints from consumers who claimed that "PRIVPR" was debiting $14.95 on a monthly basis from their bank accounts and/or charging $14.95 on a monthly basis to their credit cards even though the consumers had never heard of "PRIVPR," and had never done any business with the Company.

27.     Upon information and belief, Defendant is "PRIVPR."  Spokeo, Inc. maintains a page on its website at https://www.spokeo.com/idf that allows consumers to sign up for a 30-day free trial of IdentityForce (a page which Plaintiff never visited prior to having money debited from her bank account by "PRIVPR.")  The IdentityForce program costs $14.95 per month on a recurring basis if the trial is not canceled within 30 days.

28.     The IdentityForce "privacy policy" on the Spokeo website identifies IdentityForce as "a service division of Bearak Reports, Inc." and states that "all references herein to Identity Force shall mean and include Bearak Reports, Inc."  Further, Defendant owns and operates a product called "Identity Force identity protection," owns and operates the website www.identityforce.com, and is the registered owner of the IdentityForce service mark.

**CLASS ACTION ALLEGATIONS**

29.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a two Classes consisting of:

## The EFTA Class

All persons located in the United States from whom, within one year before the date of this complaint, Bearak Reports, Inc., d/b/a IdentityForce and/or PRIVPR, electronically transferred a payment that was to recur on a monthly basis by debit card or by direct access to the person's checking, savings or other asset account, but who were not provided with a copy of an authorization, signed by such person, for such transfer.

## The ECPA Class

All persons located in the United States who, within two years before the date of this complaint, provided their debit card, credit card and/or bank account information to Spokeo, Inc., and who never provided their debit card, credit card and/or bank account information to Bearak Reports, Inc., d/b/a IdentityForce and/or PRIVPR, but thereafter had money electronically transferred from their bank account and/or charged to their credit card by Bearak Reports, Inc., d/b/a IdentityForce and/or PRIVPR.

Excluded from the Classes are Defendant, the officers, members, and directors of Defendant, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

30.     The proposed Classes are believed to be so numerous that joinder of all members is impracticable.  The exact number of members of the Classes is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The proposed Classes are believed to be ascertainable in that the names and addresses of all members of the Classes can be identified in business records maintained by Defendant.

31.     Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and all Class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possesses the same interests and has suffered the same injuries as each member of each of the Classes.

32.     Plaintiff will fairly and adequately protect the interests of the members of the Classes and has retained counsel experienced and competent in class action litigation.  Plaintiff

has no interests that are contrary to or in conflict with the members of the Classes that Plaintiff

seeks to represent.

33.     A class action is superior to all other available methods for the fair and efficient

adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as

the damages suffered by individual members of the Classes may be relatively small, the expense

and burden of individual litigation make it impracticable for the members of the Classes to

individually redress the wrongs done to them.  There will be no difficulty in the management of

this action as a class action.

34.     Issues of law and fact common to the members of the Classes predominate over

any questions that may affect only individual members, in that Defendant has acted on grounds

generally applicable to the entire Class.  Among the issues of law and fact common to the Class

are:

    a.   Defendant's violations of the EFTA as alleged herein;

    b.   Defendant's violations of the ECPA as alleged herein;

    c.   the availability of statutory penalties; and

    d.   the availability of attorneys' fees and costs.

35.     Upon information and belief, absent a class action, Defendant's violations of the

law will be allowed to proceed without a full, fair, judicially supervised remedy.

**COUNT I: VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT,**
**15 U.S.C. § 1693e(a) AS TO PLAINTIFF AND THE EFTA CLASS**

36.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

1-35.

37.     Section 1693e(a)of the EFTA provides, in pertinent part:

A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing**, and a copy of such authorization shall be provided to the consumer when made.**

38.     The Official Staff Interpretations to the EFTA, at12 C.F.R. Pt. 1005.10(b), Supp.

I, provide, in pertinent part:

2.  Authorization obtained by third party. The account-holding financial institution does not violate the regulation when a third-party payee fails to obtain the authorization in writing or fails to give a copy to the consumer; **rather, it is the third-party payee that is in violation of the regulation.**

39.     Defendant entered into an agreement to make fund transfers, authorized in advance, to recur at substantially regular intervals, from Plaintiff and the other members of the EFTA class's accounts.

40.     Defendant did not, however, provide Plaintiff or other members of the EFTA Class with a copy of any such authorization when such authorization was made.

41.     As such, Defendant violated 15 U.S.C. § 1693e(a) and 12 C.F.R. § 1005.10(b).

42.     Upon information and belief, Defendant engages in a uniform practice of failing to provide consumers with the authorization it is required to obtain for preauthorized electronic fund transfers under the EFTA.

**COUNT II: VIOLATION OF THE ELECTRONIC COMMUNICATIONS AND PRIVACY ACT, 18 U.S.C. § 2511 AS TO PLAINTIFF AND THE ECPA CLASS**

43.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-35.

44.     This count is pled in the alternative to Count I.

45.     Section 2511(1)(a) of the ECPA provides, in pertinent part:

(1) Except as otherwise specifically provided in this chapter **any person who—**

**(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;**

*****

shall be punished as provided in subsection (4) **or shall be subject to suit as provided in subsection (5)**.

46.     Plaintiff's and the other members of the ECPA Class's submission of their debit card, credit card, and/or bank account information to Spokeo, Inc. was an "electronic communication" as defined by 18 U.S.C. § 2510(12).

47.     Defendant intentionally intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept, Plaintiff and the other members of the ECPA's Class's electronic communications with Spokeo, Inc., including the transmission of her debit card information to Spokeo, Inc.

48.     As such, Defendant violated 18 U.S.C. § 2511.

49.     Upon information and belief, Defendant engages in a uniform practice of intercepting, endeavoring to intercept, or procuring another person to intercept or endeavor to intercept, electronic communications between consumers and Spokeo, Inc., including the transmission of her debit card and/or credit card information to Spokeo, Inc.

## COUNT III: MONEY HAD AND RECEIVED AS TO PLAINTIFF AND BOTH CLASSES

50.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-35.

51.     As a result of the conduct alleged herein, Defendant improperly received, and held, monies from Plaintiff and the members of the Classes that it was not legally entitled to receive.

52.     As a direct and proximate result of Defendant's inappropriate practices, Plaintiff and members of the Classes have suffered injury, including at least temporary loss of use of the funds.

53.     Equity and good conscience require that Defendant ought to compensate Plaintiff and the members of the Classes for their losses as a result of Defendant's wrongful conduct.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a)     Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

b)     Adjudging and declaring that Defendant violated 15 U.S.C. §1693e(a) and 18 U.S.C. § 2511, and enjoining Defendant from further violations of 15 U.S.C. §1693e(a) and 18 U.S.C. § 2511 with respect to Plaintiff and the other members of the Classes;

c)     Awarding Plaintiff and members of the EFTA Class statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(B), and actual damages pursuant to 15 U.S.C. §1693m(a)(1) and common law;

d)     Awarding Plaintiff and members of the ECPA Class statutory damages pursuant to 18 U.S.C. § 2520(c)(2) or actual damages actual damages pursuant to 18 U.S.C. § 2520(c)(2) and common law;

e)     Awarding Plaintiff and members of the ECPA Class punitive damages pursuant to 18 U.S.C. § 2520(b)(2);

f)     Awarding Plaintiff and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. §1693m(a)(3) and18 U.S.C. § 2520(b)(3).

g)     Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.


DATED: June 18, 2014                    Respectfully submitted,


                                        /s/ John F. Skinner, III
                                        **John F. Skinner, III**
                                        Skinner, Rivard & Siekmann PLLC
                                        Massachusetts Bar No.: 676768
                                        587 Union Street
                                        Manchester, NH 03104
                                        Telephone: (603) 622-8100
                                        Fax:  (888) 912-1497
                                        attorneyskinner@gmail.com


                                        **James L. Davidson**\*
                                        Greenwald Davidson PLLC
                                        5550 Glades Road, Suite 500
                                        Boca Raton, FL  33431
                                        Telephone: (561) 826-5477
                                        Fax: (561) 961-5684
                                        jdavidson@mgjdlaw.com

                                        Counsel for Plaintiff and the proposed Classes

                                        \* To seek admission *pro hac vice*